Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4635 | **DATE** | 1/26/2012 |
| **CASE TITLE** | Sonyah Byson (–61604) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motions for reconsideration [9] and appointment of counsel [9] are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Sonyah Byson's (Byson) motion for reconsideration and motion for appointment of counsel filed on December 23, 2011. On August 10, 2010, the court denied Byson's motion for leave to proceed *in forma pauperis*. The court gave Byson until August 31, 2010, to pay the filing fee in the instant action. The court also warned Byson that failure to pay the filing fee by August 31, 2010 would result in the dismissal of the instant action. The deadline passed, and Byson had not paid the filing fee. Thus, on September 7, 2010, the instant action was dismissed. Byson now requests that the court reconsider the dismissal of the instant action. The court will liberally construe the *pro se* motion as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)). The relief that is made available to a litigant under Rule 60(b) is "'an extraordinary remedy and is granted only in exceptional circumstances. . . .'" *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)(quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Byson claims that she did not receive certain court orders. She also makes unsupported accusations against the prison authorities, contending that they routinely conspire to destroy prisoners' mail when they are pursuing legal actions against correctional officers. However, Byson has not offered a sufficient

| STATEMENT |
|---|
| explanation for failing to file the instant motion until approximately 16 months after the dismissal of the instant action. Byson also offers as an explanation for her prior failure to file an accurately and properly completed *in forma pauperis* application form that she completed the form "following the instructions of one of the inmate legal assistants. . . ." (Recon. 1). No counsel has filed an appearance in this matter on behalf of Byson and it is incumbent upon Byson to prepare her own filings. It is not a valid excuse for Byson to assert that someone else told her what to put in her filing. Byson has not shown that the court erred in dismissing the instant action and has not shown that exceptional circumstances exist that warrant vacating the dismissal in this case. Therefore, the motion for reconsideration is denied. The motion for appointment of counsel is denied as moot. |